# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL ALBERTO OLGUIN-BARRON,

    Defendant.

Case No. 2:05-CR-00375-KJD-PAL
Case No. 2:08-cv-01587-KJD-PAL

**ORDER**

    Before the Court is the Motion to Vacate (#63) pursuant to 28 U.S.C. §2255 filed by Joel Albert Olguin-Barron. The Government filed an opposition (#68).

I. Background

    On two occasions in September 2005, Movant sold bulk amounts of methamphetamine to an undercover law enforcement officer. Both quantities exceeded 50 grams of actual methamphetamine. On March 1, 2007, Movant signed a plea agreement (#41) and pled guilty to one count of the two count indictment. In the agreement, Movant admitted that he knowingly possessed 768.9 grams of actual methamphetamine, had an intent to distribute it, drove to the meeting place, and negotiated the sale of methamphetamine for $14,000. The plea agreement contemplated a Base Offense Level of 36 with a two level reduction based on the "safety valve" and a three level reduction based on acceptance of responsibility. (#41 at 2, ¶2.) Movant waived his right to appeal any within-range sentence and agreed that he "understood the terms and conditions of the agreement." (Id. At 8, ¶11.)

On May 26, 2007, after reviewing the Presentence Investigation Report ("PSR"), Movant's attorney moved for downward departure (#42). The PSR recommended a 108-month sentence, well below the 120-month statutory minimum. The motion argued that the record supported a variance below the 108-month sentence, claiming that the drug sales were aberrant, a result of desperation, and a result of judgment impaired by substance abuse. Further, he argued that Movant was not responsible for the purity of the drugs. On June 11, 2007, the Court formally entered judgment on Movant's 108-month custodial sentence(#49).

Movant filed a notice of appeal (#48) which was dismissed by the Ninth Circuit Court of Appeals (##59, 60). Movant filed this §2255 motion on November 14, 2008 arguing that his attorney should have advanced an entrapment argument.[1]

II.  Discussion

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel. Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. See id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. See id. at 690. Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him. See Strickland, 466 U.S. at 687. Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[1] Plaintiff also makes the bare assertion, without any argument or reference to his attorney, that because the sentence was based on the purity of the methamphetamine, he received a higher base offense level. Claims based on the sentencing guidelines are not cognizable in § 2255 motions. See U.S. v. Schlesinger, 49 F.3d 483, 484 (9th Cir. 1994).

would have been different.  See id. at 694.  The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail.  See id. at 687.

   Based on the record in this case, the Court cannot say that Movant's counsel fell below an objective standard of reasonableness when he did not advance an entrapment argument.  Movant sold 90 grams of pure methamphetamine.  A week later, he traveled to a prearranged meeting place to meet with an undercover officer.  He then negotiated the sale of nearly two pounds of methamphetamine for $14,000.  To show entrapment, a defendant must point to "undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion or fraud of a government agent." United States v. Mendoza-Prado, 314 F.3d 1099, 1102 (9th Cir. 2002).  Nothing in the record supports an entrapment defense and Defendant does not point to any undisputed evidence that he was induced by trickery, persuasion, or fraud. Movant's attorney moved for a downward departure, arguing that Movant's behavior was not typical, that he was desperate, that his judgment was impaired, and that he was not responsible for the high purity of the narcotics.  However, Movant's attorney's conduct was not objectively unreasonable when, under the facts presented here, he elected not to advance an entrapment argument.  Movant cannot meet the first prong of the Strickland test.  Accordingly, his ineffective assistance of counsel claim fails.

III.  Conclusion

   **IT IS HEREBY ORDERED** that the Motion to Vacate (#63) pursuant to 28 U.S.C. §2255 filed by Joel Albert Olguin-Barron is **DENIED**.

   DATED this 22nd day of December 2011.

_____
Kent J. Dawson
United States District Judge

3